# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-05-059-HE (01) |
| RICHARD MARSHALL COTNEY, | ) | |
| Defendant. | ) | |

## ORDER

Defendant moved, pursuant to 18 U.S.C. § 2255, to set aside the sentence originally imposed on him and for re-sentencing. He was sentenced in 2005 as a "career offender" under § 4B1.1 of the Sentencing Guidelines. He urges that the U.S. Supreme Court's subsequent decision in <u>Chambers v. United States</u>, 550 U.S. ___, 129 S. Ct. 687 (2009), changed the interpretation of the term "violent felony" from that which was applicable at the time of his sentencing and that he should be re-sentenced in light of the change. The government responded to defendant's motion by conceding it.[1] However, noting that <u>Chambers</u> dealt with a statutory sentencing enhancement rather than a sentencing issue under the Guidelines, the court requested supplemental briefs addressed to that issue. Both parties have filed those briefs. In its brief, the government changed its position as to defendant's motion, as discussed hereafter. In any event, the motion is now at issue.

In <u>Chambers</u>, the Supreme Court held that the crime of "failure to report" did not

---

[1] The government "concede[d] that this Court should grant petitioner a resentencing." Govt. Resp. [Doc. #132, p.1]. It agreed the facts and circumstances "clearly demonstrate that Mr. Cotney's prior escape conviction was a 'walk away'-type escape, which does not qualify under <u>Chambers</u> as a 'violent felony.'" <u>Id.</u> at 6.

constitute a violent felony for purposes of the Armed Career Criminal Act ("ACCA"). Id. at 693. Thereafter, the Tenth Circuit determined that the Chambers rule should be applied retroactively when raised by an initial § 2255 motion. United States v. Shipp, 589 F.3d 1084, 1086 (10th Cir. 2009). In this case, however, defendant Cotney was not sentenced under the ACCA, but was sentenced as a "career offender" under §4B1.1 of the Sentencing Guidelines. The guideline determination was based in part on a prior conviction for escape—arising from his failure to report back to the prison where he resided. There is no dispute here that, in light of the nature of defendant's underlying "escape" conviction and the Supreme Court's intervening decision in Chambers, the conviction does not qualify as a "crime of violence."[2] *See* Def. Mot. [Doc. #125] & Govt. Resp. [Doc. #132, p.6]. As a result, defendant does not have the two prior convictions necessary for "career offender" status under U.S.S.G. § 4B1.1.

So far as the court can determine, the Tenth Circuit has not squarely addressed whether the Chambers rule can be applied retroactively to a guideline issue via an initial § 2255 motion.[3] However, given the circumstances existing here, including the government's initial position as to the motion, the court concludes the retroactive application is

---

[2]*The Tenth Circuit has concluded that the definition of a "crime of violence" under U.S.S.G. § 4B1.2 is substantially the same as a "violent felony" under the ACCA. United States v. Charles, 576 F.3d 1060, 1068, n. 2 (10th Cir. 2009) (quoting United States v. Tiger, 538 F.3d 1297, 1298 (10th Cir. 2008)).*

[3]*Shipp addressed retroactivity under the ACCA, rather than the Sentencing Guidelines. Charles addressed the Sentencing Guidelines, but in the context of a direct appeal.*

2

appropriate.[4]

As noted above, the government initially conceded Mr. Cotney's motion but then changed its position. Its changed position was not on the basis of whether the Chambers rule was available on collateral review (or to a guidelines, rather than ACCA, determination), the issues upon which the court requested further briefing, but was on the somewhat different basis that defendant procedurally defaulted the sentencing issue by failing to raise it on direct appeal. *See* Bousely v. United States, 523 U.S. 614 (1998).[5] Whatever may be the merits of that argument if properly raised, it involves a defense which is itself subject to waiver. *See* Hooks v. Ward, 184 F.3d 1206, 1216 (10th Cir. 1999) ("Procedural default is an affirmative defense which may be waived."); Welch v. United States, 604 F.3d 408, 413 (7th Cir. 2010) (Court found "the Government ha[d] waived any procedural default argument by failing to address the issue in its brief."). In the circumstances existing here, the court concludes the defense has been waived.

Accordingly, the court concludes, based on the Supreme Court's decision in Chambers, that defendant was improperly sentenced as a "career offender" under U.S.S.G. § 4B1.1 and that he is entitled to raise the issue in the present circumstances. His Motion to

---

[4]*See* United States v. Kanatzar, No. 05-20008, 10-2005, 2010 WL 1452970 (D.Kan. 2010); United States v. Ellis, No. CR-06-01-C, 2009 WL 2949497 (W.D.Okla. 2009). *See also* United States v. Leonard, No. 06-CR-0049-CVE, 2009 WL 499357 (N.D. Okla. 2009). In Kanatzar and Ellis, as here initially, the government did not resist the defendant's § 2255 motion.

[5]*The government's brief appears to have copied verbatim, on a wholesale basis and without proper attribution, substantial portions of Judge Reeves' opinion in* United States v. Gibson, *No. 6:03-54-DCR, 2010 WL 502765, at \*3-4 (E.D. Ky. Feb. 8, 2010).*

3

Vacate, Set Aside, or Correct Sentence [Doc. #125] is therefore **GRANTED**. The United States Probation Office is directed to file a Supplemental Presentence Report no later than **December 10, 2010**. At that time, a new sentencing date will be set.

**IT IS SO ORDERED**.

Dated this 9th day of November, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE